UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WINSTON,                : CIVIL NO: 1:10-CV-00867
                                :
         Plaintiff              :
                                : (Judge Conner)
    v.                          :
                                : (Magistrate Judge Smyser)
EDWARD RENDELL,                 :
TOM CORBETT,                    :
FRANK E. PAWLOWSKI and          :
MICHAEL P. DALEY,               :
                                :
         Defendants             :

## **REPORT AND RECOMMENDATION**

The plaintiff, proceeding *pro se*, commenced this action by filing a complaint on April 23, 2010.

The plaintiff filed an application to proceed *in forma pauperis.* By a separate Order, we have granted the plaintiff's application to proceed *in forma pauperis.*

We now review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>     (i) is frivolous or malicious

>        (ii) fails to state a claim upon which
> relief may be granted; or
>        (iii) seeks monetary relief against a
> defendant who is immune from such relief.

The defendants named in the complaint are: 1) Edward Rendell, the Governor of Pennsylvania; 2) Tom Corbett, the Attorney General of Pennsylvania; 3) Frank E. Pawlowski, the Commissioner of the Pennsylvania State Police; and 4) Michael P. Daley, an attorney with the Administrative Office of the Pennsylvania Courts.

The plaintiff alleges that he has been assaulted and arrested numerous times. He alleges that his civil rights have been violated and that he has filed cases in the United States District Court for the Western District of Pennsylvania and in the Pennsylvania courts. He alleges that he has not received fair treatment in connection with his court cases. He alleges that for years he has called and sent packages to the offices of defendants Rendell and Corbett complaining about the violation of his rights. He alleges that defendant Rendell has refused to acknowledge his complaints. He alleges that he spoke to an agent in the Attorney General's office who merely advised him to sue the individuals about whom he had complained. He alleges that on one occasion he spoke directly

2

to defendant Pawlowski who told him his complaints were a local matter or a federal civil rights matter. He alleges that defendant Daley is responsible for the judicial misconduct of the state judiciary. He alleges that defendant Daley's name appears on documents relating to one of his cases in federal court. A review of the docket sheet for *Winston v. Morgan,* 1:09-CV-00225-SJM (W.D.Pa.), indicates that defendant Daley is the attorney for the state judicial defendants in that case.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d

3

Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

4

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Construing the complaint liberally, we nevertheless conclude that the complaint does not state a claim upon which relief may be granted.

The plaintiff appears to seek to hold the defendants liable on the basis of *respondeat superior.* In fact, the plaintiff specifically mentions *respondeat superior* in his complaint. However, liability may not be imposed in a civil rights action on the principle of *respondeat superior. Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of

5

the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The plaintiff does not allege any personal involvement on the part of defendants Rendell and Corbett in the alleged violations of his rights. Merely calling the offices and sending packages to the offices of defendants Rendell and Corbett does not establish personal involvement on the part of these defendants. The plaintiff has not made allegations which could reasonably support an inference that defendants Rendell and Corbett were personally aware of the plaintiff's complaints. Moreover, even assuming for the sake of argument that defendants Rendell and Corbett were personally aware of the plaintiff's complaints, the complaint would still fail to state a claim upon which relief may be granted against these defendants. It is not a violation of an individual's federally-protected rights for the Governor and Attorney General not to respond to an individual's complaints about the course of his civil rights cases in federal and state court. Accordingly, the complaint fails to state a claim upon which relief may be granted as to defendants Rendell and Corbett.

The plaintiff alleges that he spoke personally with defendant Pawlowski and that defendant Pawlowski told him that his complaints were a local matter or a federal civil rights matter. Again, it is not a violation of an individual's federally-protected rights for the Commissioner of the State Police not to respond to an individual's complaints about the course of his civil rights cases in federal and state court. Moreover, "individual citizens do not have a constitutional right to the prosecution of alleged criminals." Cappogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009). Thus, to the extent that the plaintiff is complaining about defendant Pawlowski not initiating charges against those whom the plaintiff contends violated his rights, the complaint fails to state a claim upon which relief may be granted against defendant Pawlowski.

The plaintiff alleges that defendant Daley is responsible for the misconduct of the state judiciary. As indicated above, however, *respondeat superior* is not a basis for liability in a federal civil rights action and the plaintiff has not alleged any personal involvement on the part

7

of defendant Daley in a violation of his rights.  Moreover, to the extent that the plaintiff is complaining about conduct of defendant Daley in his cases in the United States District Court for the Western District of Pennsylvania, such concerns should be raised as part of those cases.  The complaint fails to state a claim upon which relief may be granted against defendant Daley.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, since the plaintiff is seeking to hold the defendants liable on the basis of *respondeat superior* and since failure of officials in the positions of the defendants to respond to the plaintiff's complaints is not a violation of the plaintiff's constitutional rights, amendment would be futile.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: May 3, 2010.