## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WINSTON,** | : | **CIVIL ACTION NO. 1:10-CV-0867** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **EDWARD RENDELL, TOM** | : | |
| **CORBETT, FRANK E. PAWLOWSKI,** | : | |
| **and MICHAEL P. DALEY,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of June, 2010, upon consideration of the report

(Doc. 7) of the magistrate judge, recommending that the complaint (Doc. 1) filed by

plaintiff Michael Winston ("Winston") be dismissed for failure to state a claim upon

which relief may be granted, and, following an independent review of the record, it

appearing that Winston has alleged that his civil rights were violated, but has not

alleged that any of the above-named defendants participated in, or were personally

involved in, those purported violations, and recognizing that "[an individual

government] defendant in a civil rights action must have personal involvement in

the alleged wrongdoing," <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005), and

that "if a plaintiff requests leave to amend a complaint vulnerable to dismissal

before a responsive pleading is filed, such leave must be granted in the absence of

undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment,"

<u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002), and concluding

that Winston should be afforded an opportunity to seek leave to amend in order to

rectify the deficiencies identified in the magistrate judge's report,  it is hereby

ORDERED that:

1.     The report and recommendation (Doc. 7) of the magistrate judge is
       ADOPTED in part and REJECTED in part as follows:

       a.     The report is ADOPTED insofar as it recommends that the
              complaint (Doc. 1) be dismissed for failure to state a claim upon
              which relief may be granted.

       b.     The report is REJECTED insofar as it recommends that Winston
              be denied the opportunity to amend the complaint.  See Grayson,
              293 F.3d at 108.

2.     Winston shall be permitted to file, on or before July 20, 2010, an
       amended complaint that alleges that each of the above-named
       defendants was personally involved in the civil rights violations for
       which he seeks relief.  Failure to comply with this Paragraph shall
       result in the complaint (Doc. 1) being dismissed with prejudice.

3.     The above-captioned case is REMANDED to the magistrate judge for
       further proceedings.


                              S/ Christopher C. Conner
                             CHRISTOPHER C. CONNER
                             United States District Judge